http://www.va.gov/vetapp16/Files3/1621744.txt

Citation Nr: 1621744 
Decision Date: 05/31/16 Archive Date: 06/08/16

DOCKET NO. 12-02 707A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO)
in San Juan, the Commonwealth of Puerto Rico

THE ISSUE

Entitlement to service connection for a heart condition, to include soft ejection cardiac murmur with postural changes.

REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States

WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

Ashley Castillo, Associate Counsel

INTRODUCTION

The Veteran served on active duty from October 1985 to May 1986. 

This appeal to the Board of Veterans' Appeals (Board) arose from a February 2011 rating decision in which the RO denied service connection for a heart condition, claimed as soft ejection cardiac murmur with postural changes. In October 2011, the Veteran filed a notice of disagreement (NOD). A statement of the case (SOC) was issued in January 2012, and the Veteran filed a substantive appeal (via a VA Form 9, Appeal to the Board of Veterans' Appeals) in February 2012. A Supplemental SOC was issued in September 2014. 

In April 2015, the Veteran testified during a Board hearing before the undersigned Veterans Law Judge at the RO; a transcript of that hearing is of record. 

In May 2015, the Board denied the Veteran's claim for service connection for a heart condition, to include soft ejection cardiac murmur with postural changes. The Veteran appealed the Board's May 2015 denial to the United States Court of Appeals for Veterans Claims (Court). In March 2016, the Court granted a Joint Motion for Remand (JMR) filed by representatives for both parties, vacating the Board's decision, and remanding the claim to the Board for further proceedings consistent with the JMR.

In addition to the paper claims file, there are now paperless, electronic Virtual VA and Veterans Benefits Management System (VBMS) files associated with the Veteran. 

For reasons expressed below, the claim on appeal is being remanded to the agency of original jurisdiction (AOJ). VA will notify the Veteran when further action, on his part, is required.

REMAND

In light of points raised in the JMR and further review of the claims file, the Board finds that additional AOJ action on the claim on appeal is warranted.

In the JMR, the parties essentially determined that in the May 2015 decision, the Board failed to provide an adequate statement of reasons or bases for its findings that there was no competent evidence of current heart disability, that VA satisfied its duty to assist, and that a medical examination was not necessary to decide the claim. 

In this case, the Veteran claims that he has a heart condition that it is related to his military service. Specifically, he asserts that his current heart condition is related to his in-service heart murmur. See April 2015 Board hearing transcript.

The Veteran's April 1986 separation examination report reflects an abnormal heart examination with a diagnosis of soft ejection cardiac murmur with postural changes.

The parties noted that following the filing of the Veteran's heart condition claim, the RO requested a VA examination with an opinion to determine the nature and etiology of a heart condition. However, the requested VA examination was canceled because it was incomplete. The Veteran was not rescheduled for an examination. 

The parties noted that although the Board found that the Veteran did not have a current heart disorder or disease for which service connection may be granted, during the pendency of the appeal, the Veteran was diagnosed with mild pulmonic valve insufficiency, mild tricuspid valve insufficiency, and mild mitral valve insufficiency, which are diagnoses that VA recognizes for compensation purposes.

VA will provide a medical examination or obtain a medical opinion if the evidence indicates the existence of a current disability or persistent or recurrent symptoms of a disability that may be associated with an event, injury, or disease in service-or, as appropriate, service-connected disability-but the record does not contain sufficient medical evidence to decide the claim. 38 U.S.C.A. § 5103A(d)(2) (West 2014); 38 C.F.R. § 3.159(c)(4)(i) (2014); McLendon v. Nicholson, 20 Vet. App. 79 (2006). 

In this case, given the evidence of an abnormal cardiac examination and assessment of soft ejection cardiac murmur with postural changes, current diagnoses suggestive of current cardiac disability, and the absence of medical evidence or opinion addressing whether there exists a medical relationship between the two, the Board finds that the requirements for obtaining a VA medical examination to obtain findings and opinions address diagnosis and etiology of current cardiac disorder(s) are met. Id. 

The Veteran is hereby notified that failure to report to the scheduled examination, without good cause, may well result in denial of the claim for service connection. See 38 C.F.R. § 3.655 (2015). Examples of good cause include, but are not limited to, the illness or hospitalization of the claimant and death of an immediate family member.

Prior to arranging for the Veteran to undergo VA examination, to ensure that all due process requirements are met, and the record is complete, the AOJ should undertake appropriate action to obtain and associate with the claims file all outstanding, pertinent records. To this end, in a November 2014 statement, the Veteran indicated that he has been seen for his heart condition by Dr. Adrian Perez Cochran and Dr. Yachra G Mateo Jimenez. Although the Veteran submitted some records from these providers, it is not clear whether all relevant private evaluation and/or treatment records have been obtained. 

Therefore, on remand, the AOJ should also give the Veteran an opportunity to provide additional information and/or evidence pertinent to the claim on appeal (explaining that he has a full one-year period for response. See 38 U.S.C.A. § 5103(b)(1) (West 2014); but see also 38 U.S.C.A. § 5103(b)(3) (2015) (clarifying that VA may make a decision on a claim before the expiration of the one-year notice period). In its letter, the AOJ should specifically request that the Veteran furnish, or furnish appropriate authorization to obtain, all outstanding, pertinent private (non-VA) records-to particularly include from the private physicians identified above. 

Thereafter, the AOJ should attempt to obtain any additional evidence for which the Veteran provides sufficient information, and, if needed, authorization, following the current procedures prescribed in 38 C.F.R. § 3.159 (2015).

The actions identified herein are consistent with the duties imposed by the Veterans Claims Assistance Act of 2000 (VCAA). See 38 U.S.C.A. §§ 5103, 5103A (West 2014); 38 C.F.R. § 3.159 (2015). However, identification of specific actions requested on remand does not relieve the AOJ of the responsibility to ensure full compliance with the VCAA and its implementing regulations. Hence, in addition to the actions requested above, the AOJ should also undertake any other development and/or notification action deemed warranted by the VCAA prior to adjudicating the claim on appeal.

Accordingly, this matter is hereby REMANDED for the following action:

1. Send to the Veteran and his representative a letter requesting that the Veteran provide information and, if necessary, authorization, to obtain any additional evidence pertinent to the claim on appeal that is not currently of record. Specifically request that the Veteran furnish, or furnish appropriate authorization to obtain, all outstanding pertinent, private (non-VA) records, to include records from Dr. Adrian Perez Cochran and/or Dr. Yachra G Mateo Jimenez. 

Clearly explain to the Veteran that he has a full one-year period to respond (although VA may decide the claim within the one-year period). 

2. If the Veteran responds, obtain all identified records following the procedures set forth in 38 C.F.R. § 3.159 (2015). All records and responses received should be associated with the claims file. If any records sought are not obtained, notify the Veteran and his attorney of the records that were not obtained, explain the efforts taken to obtain them, and describe further action to be taken.

3. After all records and/or responses received from each contacted entity have been associated with the claims file, arrange for the Veteran to undergo a VA cardiovascular examination by an appropriate physician with experience and expertise in the evaluation and treatment of heart disorders.

The contents of the entire electronic claims file (in VBMS and Virtual VA), to include a complete copy of this REMAND, must be made available to the designated physician, and the examination report should reflect consideration of the Veteran's documented medical history and assertions. All indicated tests and studies should be accomplished (with all results made available to the requesting physician prior to the completion of his or her report), and all clinical findings should be reported in detail.

The physician should identify all cardiac disorder(s) -to include pulmonic valve insufficiency, tricuspid valve insufficiency, and mitral valve insufficiency-currently present, or validly diagnosed at any time shortly prior to, at the time of, or during the pendency of the October 2010 claim (even if currently asymptomatic or resolved). For each diagnosis, the physician should clearly indicate whether the diagnosed disorder constitutes a disability for VA compensation purposes.

Then, for each such diagnosed disability, the physician should render an opinion, consistent with sound medical principles, as to whether it is at least as likely as not (i.e., a 50 percent or greater probability), that the disability had its onset during service or is otherwise medically related to active duty service-to particularly include the soft ejection cardiac murmur with postural changes assessed on separation examination. 

In addressing the above, the physician must consider and discuss all pertinent medical and lay evidence, to include competent assertions as to the nature, onset and continuity of cardiac symptoms. 

All examination findings/testing results, along with complete, clearly-stated rationale for the conclusions reached (to include citation to supporting medical authority, as appropriate), must be provided.

4. To help avoid future remand, ensure that all requested actions have been accomplished (to the extent possible) in compliance with this REMAND. If any action is not undertaken, or is taken in a deficient manner, appropriate corrective action should be undertaken. Stegall v. West, 11 Vet. App. 268 (1998). 

5. After completing the requested actions, and any additional notification and/or development deemed warranted, adjudicate the claim on appeal in light of all pertinent evidence (to particularly include all that added to the claims file since the last adjudication) and legal authority.

6. If the benefit sought on appeal remains denied, furnish to the Veteran and his representative an appropriate supplemental SOC that includes clear reasons and bases for all determinations, and afford them the appropriate time period for response.

The purpose of this REMAND is to afford due process and to accomplish additional development and adjudication; it is not the Board's intent to imply whether the benefits requested should be granted or denied. The Veteran need take no action until otherwise notified, but he may furnish additional evidence and/or argument during the appropriate time frame. See Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
JACQUELINE E. MONROE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of the appeal. 38 C.F.R. § 20.1100(b) (2015).